**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

KEN HUBBARD, and CONNIE )
HUBBARD, as Administrators of )
the Estate of ANDREW DEWAYNE )
PRIOR, deceased, and as Guardians )
and Next Friends of C.E.H., a Minor )
Child, and E.J.H., a Minor Child, )
)
          Plaintiffs, )
)
vs. )     NO. CIV-16-1443-HE
)
THE STATE OF OKLAHOMA ex rel. )
THE OKLAHOMA DEPARTMENT )
OF HUMAN SERVICES, et al. )
)
          Defendants. )

## <u>ORDER</u>

Plaintiffs Ken and Connie Hubbard, acting as administrators of Andrew DeWayne Prior's estate and as guardians of minor children C.E.H. and E.J.H., filed this case in state court. They asserted a § 1983 claim as well as state law claims for negligence and wrongful death. Defendants are the Oklahoma Department of Human Services ("DHS"), several DHS employees, Dayspring Community Services ("Dayspring"), and Dayspring employee Laura Fox. The defendants removed the case to this court and have now filed five separate motions to dismiss.[1] The motions are at issue and encompass all claims against all defendants.

---

[1] *The state court petition is referred to hereafter as the "complaint."*

When considering whether claims should be dismissed under Fed.R.Civ.P. 12(b)(6), the court accepts all well-pleaded factual allegations of the complaint as true and views them in the light most favorable to the plaintiff, the nonmoving party. S.E.C. v. Shields, 744 F.3d 633, 640 (10th Cir. 2014). To survive the motion, the complaint must allege "enough facts to state a claim to relief that is plausible on its face" and "raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007). In other words, the facts alleged in the complaint must allow the court to infer the defendant's liability. Shields, 744 F.3d at 640 (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). The Twombly/Iqbal pleading standard "is a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the Court stated will not do." Id. at 640–41 (quoting Khalik v. United Air Lines, 671 F.3d 1188, 1191 (10th Cir. 2012)).

## Background

The complaint alleges that DHS removed siblings Andrew, C.E.H., and E.J.H. from their biological parents' home in February of 2013 due to allegations of neglect. After a failed trial reunification with the parents in May, DHS placed the children in a foster home—that of Mallory and Peter Krajian—on August 23, 2013. Over the next year, DHS received several referrals regarding problems in the home, but did not remove the children until after DHS was informed, on August 27, 2014, that Andrew had a bad bruise on his arm and was in the hospital with a head injury. Andrew died from the head injury on

August 31, 2014.  The complaint alleges Mrs. Krajian was charged with felony child abuse murder.

## Analysis

### I.        *Defendant DHS*

Plaintiffs assert a § 1983 claim against DHS based on a claimed violation of Fourteenth Amendment rights, as well as state law claims for negligence and wrongful death.  DHS has moved to dismiss on the basis it is not a "person" for purposes of the § 1983 claim, and is therefore not subject to suit under that section.  It also asserts it is immune from the state law claims because plaintiffs have not alleged compliance with the Oklahoma Governmental Tort Claims Act ("GTCA") such as would effect a waiver of sovereign immunity.  DHS also relies on certain exceptions in the GTCA.

Plaintiffs' response concedes that DHS is not subject to suit under § 1983, so the Fourteenth Amendment claim will be dismissed.

As to the state law claims, Oklahoma has adopted, through the GTCA, the doctrine of sovereign immunity.  That doctrine prevents it from being sued without its consent.  51 OKLA. STAT. §152.1(A).   But the GTCA provides a limited waiver of that immunity for tort claims in certain circumstances.  *Id*. § 152.1(B).  This limited waiver applies only where a plaintiff has complied with certain procedural prerequisites, including presenting a notice of the claim to the state within one year of the date of loss and bringing any lawsuit within 180 days of the denial of the claim.  *Id*. §§ 156(B), 157.  Compliance with the GTCA is a "mandatory prerequisite" to filing tort claims against the State, and courts are without

jurisdiction to hear such claims if the complaint fails to allege such compliance.  Burghart

v. Corr. Corp., 224 P.3d 1278, 1281-82 (Okla. Civ. App. 2009).

Here, the complaint does not allege compliance with the GTCA's notice and claim

requirements, and plaintiffs' response brief does not address the issue of compliance with

this requirement.  Having failed to allege compliance with the procedural prerequisites of

the GTCA,[2]  plaintiffs' state law claims against DHS will be dismissed.[3]

## II.     *Individual DHS employees.*

### a.   *Fourteenth Amendment claims.*

Plaintiffs generally claim that defendants violated the children's Fourteenth

Amendment rights by not protecting them from abuse.  The complaint consists of factual

allegations that attribute various actions to certain defendants, but the formal claims

asserted purport to be against "the defendants" collectively.   As to many of the 27

defendants, it is difficult to determine exactly what each particular defendant is alleged to

have done or not done that constitutes a violation of plaintiffs' rights.  In cases like this

one, that is insufficient.  Where a plaintiff seeks to impose personal liability on multiple

government officials, "it is particularly important" that plaintiff make clear "exactly *who*

is alleged to have done *what* to *whom* . . . as distinguished from collective allegations."

---

[2] *DHS also relies on several exceptions in the GTCA.  In light of the absence of allegations of compliance with the procedural requirements of the GTCA, it is unnecessary to determine whether a substantive exception might also be a basis for DHS avoiding liability.*

[3] *It is also unnecessary to consider plaintiffs' argument that a claim under Bosh v. Cherokee County Building Authority, 305 P.3d 994 (Okla. 2013) would be outside the limitations of the GTCA.  The complaint does not allege a Bosh claim.*

Kan. Penn Gaming, L.L.C. v. Collins, 656 F.3d 1210, 1215 (10th Cir. 2011) (emphasis in the original).   Resolution of the qualified immunity defense often depends on the claims being stated with sufficient specificity.   As the complaint does not, for the most part, do that, the claims against the individual state employee defendants will be dismissed.

    b.  *State law claims.*

    The individual defendants have moved to dismiss plaintiffs' negligence and wrongful death claims because the complaint does not state a basis for their liability in light of the GTCA.   As to state law claims like those asserted here, the GTCA is the exclusive means of redress.   It encompasses not only claims against the State itself, but also claims against state employees acting within the scope of their employment.   51 OKLA. STAT. §§ 152(14), 153(A)-(B).   Litigants cannot name "an employee of the state or the political subdivision acting within the scope of his employment . . . as a defendant" under the GTCA. *Id*. § 163(C).   Instead, the proper party is the state entity.  *Id*.

    Here, the complaint alleges the various employees were acting within the scope of their employment.  [Doc. #1-2] at ¶ 44.  Further, the factual allegations of the complaint (as opposed to certain conclusory allegations of "reckless disregard or intentional malice") do not support any other inference.   At most, they show negligence or lack of diligence in the discharge of their duties but do not support an inference that the employees were acting with malice toward the children or that they acted in pursuit of some agenda other than that of their employer.   In these circumstances, a basis for claim against the individual employees, as opposed to their employer the state, is not alleged.

**III.** *Defendants Dayspring and Fox.*

    a. *Fourteenth Amendment claims.*

As to the claims against Dayspring and Fox, the parties focus much of their argument on whether those entities were state actors. It is unnecessary to resolve that issue at this point, however, as the court concludes plaintiffs have not otherwise stated a claim against these two defendants even if their state actor status is assumed. Regarding claims based on a failure to protect, the leading case is <u>DeShaney v. Winnebago County Department of Social Services</u>, 489 U.S. 189 (1989). In <u>DeShaney</u>, the plaintiff sought damages from the social services agency for failing to protect a child from parental abuse. The Supreme Court stated that "[a]s a general matter . . . a State's failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause." *Id.* at 197. The Court rejected the idea that the State has a constitutional obligation to protect citizens arising out of "special relationships" in situations where the State has not taken a person into custody and held them against their will. *Id.* at 198-200. The Supreme Court also held that the state could not be held liable even though it took temporary custody of the child and then placed the child back with the same parent. *Id.* at 201. The Court reasoned that the state "placed him in no worse position than that in which he would have been had it not acted at all; the State does not become the permanent guarantor of an individual's safety by having once offered him shelter." *Id.*

Here, the allegations as to Dayspring and Fox are based on events occurring after the children were reunited with their biological parents on a trial basis. While the children

were in DHS "custody" before the reunification, that custody ended when the children were placed back with the biological parents. As noted in <u>DeShaney</u>, placing the children back with the parents, and then failing to intervene to stop abuse afterwards is not sufficient to state a due process claim, as the State did not place the children in a worse position than they would have been in had the State not removed them in the first place. In this context, Dayspring and Fox cannot be held liable for their alleged omissions under the Fourteenth Amendment, even if they were state actors.

      b. *State law claims.*

The complaint also fails to state a claim as to these defendants based on state law theories of negligence or wrongful death. Defendant's challenges the negligence claim on the basis of the absence of an expert affidavit as required by 12 OKLA. STAT. § 19.1. Plaintiffs do not challenge defendant's assertion that the standard of care for social workers would require expert testimony, but instead respond by arguing the standard of care they believe to have been breached is that set out in the Oklahoma Children's Code, in particular 10A OKLA. STAT. §1-2-101, and its requirement that suspected abuse or neglect of a child be reported. As a result, plaintiffs assert no expert affidavit is necessary. But if the basis for these defendants' asserted liability is violation of a state statute, rather than common law negligence, then it needs to be pleaded that way so that the pertinent questions (e.g. is there a private right of action for violation) can be squarely confronted and resolved. If, on the other hand, plaintiffs really are pursuing a common law negligence claim based on the standard of care expected of a social worker, then the court assumes, on the present

state of the briefing, that an expert affidavit would be required. None is attached to the complaint. In these circumstances, the "negligence" claims against Dayspring and Fox will be dismissed.

A wrongful death claim is also not stated against these defendants. The actions which are alleged to have led to the death of Andrew are those of one of his foster parents. All of the alleged actions of Fox and Dayspring preceded the move of the children to foster care, and the complaint alleges no facts which would suggest that these defendants caused or somehow contributed to the acts of the foster parent leading to his death.

No state law claims are stated against Fox or Dayspring.

**Conclusion**

For the reasons stated, the defendants' motions to dismiss [Docs. #11, #12, #18, #24, #35] are **GRANTED** and plaintiffs' claims are **DISMISSED**. Some or all of the pleading deficiencies are potentially remediable by amendment, and plaintiffs are granted leave to file an amended complaint within **fourteen days** from the date of this order.

**IT IS SO ORDERED.**

Dated this 21st day of March, 2017.

JOE HEATON
CHIEF U.S. DISTRICT JUDGE